IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WCD, LLC | § | CASE NO.   17-36817 |
|     DEBTOR | § | (CHAPTER 7) |
| | | JUDGE BOHM |

### Trustee's Motion to Compromise Controversy

**This motion seeks an order that may adversely affect you.   If you oppose the motion, you should immediately contact the moving party to resolve the dispute.   If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted.   If you do not file a timely response, the relief may be granted without further notice to you.   If you oppose the motion and have not reached an agreement, you must attend the hearing.   Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:**

Rodney Tow, Trustee, files this Motion for Authority to Compromise with Materials Lifecycle Management Company of St. Louis, LLC and Pendleton Capital Group, Inc. ("Motion to Compromise"), and in support thereof, asserts the following:

### Jurisdiction

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.   This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(0).

2.   Venue in the Southern District of Texas, Houston Division is proper pursuant to

28 U.S.C. §1401.

### Applicable Bankruptcy Rule

3.      Pursuant to Bankruptcy Rule 9019, the Trustee seeks an Order authorizing the Trustee to enter a compromise and settlement with Materials Lifecycle Management Company of St. Louis, LLC ("MLMC STL").

### Relevant Factual Background

4.      On December 21, 2017, WCD, LLC ("Debtor") filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code. On August 1, 2018, the Debtor voluntarily converted to a case under Chapter 7. Rodney Tow was appointed the Chapter 7 Trustee, qualified, and continues to act in that capacity.

5.      Prior to the conversion, the Debtor instituted an adversary proceeding against MLMC STL seeking damages for a breach of contract and under the theory of quantum meruit in the amount of $415,331.62, in Adversary No. 18-3031. Also prior to the conversion, the Debtor had received a settlement offer in the amount of $92,561.00 from MLMC STL, an amount sufficient to pay the Debtor's secured lender, Pendleton Capital Group, Inc., substantially in full.

6.      The basis of the dispute was the contractual amount due the Debtor by the Defendant. The Debtor contends that originally MLMC STL contracted to pay the Debtor $45,000 per month for engineering services provided by the Debtor. The Debtor contends that the Defendant entered into another agreement to pay the Debtor $85,000 per month plus expenses in exchange for 140 hours per week of engineering and management support services.

The Defendant denied all of the Debtor's allegations and asserted multiple affirmative defenses, including but not limited to the fact that the Debtor's claims were barred by the statute of frauds to the extent that no written contract existed between the parties.

7. Counsel for the Trustee contacted MLMC STL's counsel to determine if that settlement offer was still viable and whether the Estate could potentially receive more through litigation. Trustee's Counsel learned that MLMC STL has been out of business for over a year and has limited funds to resolve all claims against it, including the Debtor's claim.

8. Trustee's Counsel then contacted Counsel for Pendleton Capital Group, Inc., ("Pendleton") the Debtor's secured lender, to negotiate a reduction of its proof of claim from $99,163.43 to $90,000 such that the settlement with MLMC STL would be in the best interest of the Estate. Pendleton has a valid, perfected secured lien on all of the Debtor's assets, including the receivable from MLMC STL which is the basis for the adversary proceeding.

9. Pendleton has agreed to reduce its claim against the estate in exchange for $90,000 in cash plus the abandonment of the Debtor's interest in furniture, office equipment, computers and machinery listed on the Debtor's conversion Schedule B, valued at $27,890.00. In the Trustee's experience, office furniture, equipment and computers have little or no value as the cost to relocate and auction these types of items exceeds the realization to the estate. In fact, the Debtor's representative testified at the 341 meeting that they had been trying to sell these Assets but were only offered $2,500 for the computers and $1,000 for the machinery.

10. After reviewing the Complaint, Answer and Affirmative Defenses to the Complaint, the settlement letter from MLMC STL, and discussions with Counsel regarding her conversation and emails with MLMC STL's counsel, the Trustee has determined that accepting

the settlement offer from MLMC STL and compromising Pendleton's claim is in the best interest of the Estate.

## Terms of the Settlement Agreement

11. Under the terms of the settlement agreement, the MLMC STL shall pay to the Estate the sum of $92,561.00.

12. Pendleton shall amend and reduce its secured proof of claim from $99,163.43 to $90,000.00 provided that the Estate pay the $90,000.00 from the settlement proceeds with MLMC STL and abandon the Estate's interest in the furniture, office equipment, computers and machinery listed on the Debtor's Schedule B to Pendleton.

13. The Motion to Compromise resolves all of the causes of action in Adversary Proceeding No. 18-3031 and pays the secured creditor, Pendleton, in full, leaving the remaining $2,561.00 from the compromise, the funds on account in the amount of $43,580.29 plus the accounts receivable of approximately $28,431.38 for the benefit of the administrative, priority and unsecured creditors.

## Arguments & Authorities

14. The Trustee has exercised his business judgment in determining to enter into this Compromise. The Compromise provides the estate a net recovery which is approximately the equivalent of any net recovery the Debtor's estate could realize in litigation while saving litigation costs, litigation risks, and the delay of collection if the Trustee were to prevail in the Adversary Proceeding.

15. The standard for the approval of the Compromise is well settled. To meet the requirement for the Court's approval of a settlement under Bankruptcy Rule 9019, the

Compromise must be in the "best interest of the Debtor's estate." See *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

16.   Moreover, approval of any settlement is within the sound discretion of the Court. The burden of establishing the fairness of the Compromise rests on the proponents of any compromise.   However, the Trustee is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. When determining whether to approve the Compromise, this Court "is not to decide the numerous questions of law and fact raised" by the Compromise, but instead is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See e.g., *In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir.1983), cert.denied, *Cosoff v. Rodman*, 464 U.S. 822 (1983).

17.   The United States Supreme Court has dictated the following factors for the Court to weigh in determining the reasonableness of any compromise or settlement:

    a.   the probabilities of ultimate success should the claim be litigated;

    b.   an educated estimate of (i) the complexity, expense, and likely duration of the litigation, (ii) possible difficulties of collecting on any judgment that might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

    c.   The comparison of the terms of the settlement and compromise with the likely rewards of litigation.

*Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).

18. The Trustee believes that he would be successful in the litigation. However, collection of anything more than the $92,561.00 from the compromise is doubtful at best.

19. This Compromise brings the estate $92,561.00 of a possible $415,331.62 without the risks, costs, and delay of litigation. After payment of the agreed $90,000 and abandonment of burdensome property to Pendleton, the Estate will have approximately $74,572.67 for the administrative, priority and unsecured creditors. To date the unsecured and secured claims against the estate equal $79,155.23, excluding the Pendleton claim.

20. Litigation would entail significant expense in trial preparation and prosecution and would not guarantee success. The Compromise guarantees success.

21. When considering the risks as compared to the potential rewards, the Compromise is by far the best decision for the estate.

22. Based on the information provided in this Motion, the Trustee, MLMC STL and Pendleton respectfully request this Court to approve the Compromise as set forth in this Motion and to grant them any other relief to which they may be justly entitled.

Respectfully submitted this 21st day of September, 2018.

**Cooper & Scully, PC.**

By: _____/s/    Julie M. Koenig_____
Julie M. Koenig
SBA# 14217300
815 Walker, Suite 1040
Houston, Texas 77002
713/236-6800 (Telephone)
713/236-6880 (Telecopier)
Julie.Koenig@cooperscully.com

Attorneys for the Trustee

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on all of the parties on the attached service list, including all parties requesting notice, via either ECF notification, e-mail, or first class mail, proper postage affixed, on the 21st day of September, 2018.

                                                /s/   *Julie M. Koenig*
                                                Julie M. Koenig

```
Label Matrix for local noticing          Harris County                             Montgomery County
0541-4                                   Linebarger Goggan Blair & Sampson LLP     Linebarger Goggan Blair & Sampson LLP
Case 17-36817                            c/o Tara L. Grundemeier                   c/o Tara L. Grundemeier
Southern District of Texas               P.O. Box 3064                             P.O. Box 3064
Houston                                  Houston, TX 77253-3064                    Houston, TX 77253-3064
Thu Sep 20 10:18:32 CDT 2018

Pendleton Capital Group, Inc.,           WCD, LLC                                  4
820 Gessner Rd., Ste. 250                3902 Braxton Drive                        United States Bankruptcy Court
Houston, TX 77024-4293                   Houston, TX 77063-6304                    PO Box 61010
                                                                                   Houston, TX 77208-1010


ADT, LLC                                 ATEC Training & Certification LLC         Affinity Law Group, LLC
8755 West Higgins Road, Suite 610        3409 Brinkman Street, Suite A             1610 Des Peres Road, Suite 100
Chicago, IL 60631-2751                   Houston, TX 77018-6324                    St. Louis, MO 63131-1850


Aire Serv of The Woodlands & Conroe      Andrew's Awesome Company                  Benefit Plans Plus, LLC
3224 Pine Acres Road                     9124 West County Road D                   6 City Place Drive, Suite 700
Conroe, TX 77384-4052                    Exeland, WI 54835-3140                    St. Louis, MO 63141-7195


Benefits Plans Plus, LLC                 Blue Cross Blue Shield                    Bryan Cave LLP
6 Cityplace Drive, Suite 700             Health Care Service Corp Box 731428       211 N. Broadway, Suite 3600
Saint Louis, MO 63141-7195               14800 Frye Road, 2nd Floor                St. Louis, MO 63102-2726
                                         Ft. Worth, TX 76155-2732


Corporate Incentives, Inc.               Corporation Service Company               David Smith
26414 Oak Ridge Drive                    2711 Centerville Road                     59 Creek Forest Lane
The Woodlands, TX 77380-1965             Wilmington, DE 19808-1646                 Conroe, TX 77384-3111


Deep Ocean, Inc.                         (p)DELL FINANCIAL SERVICES                Dell Financial Services L.L.C.
28019 E. Benders Landing Blvd.           P O BOX 81577                             c/o Streusand, Landon & Ozburn, LLP
Spring, TX 77386-2813                    AUSTIN TX 78708-1577                      811 Barton Springs Road, Suite 811
                                                                                   Austin, Texas 78704-1166


DynaQual Test Labs                       EMA Design Automation                     Envirotest, LLC
301 Wells Fargo Drive, Suite C10         P O Box 23325                             3902 Braxton Drive
Houston, TX 77090-4060                   Rochester, NY 14692-3325                  Houston, TX 77063-6304


Fisher Phillips                          Funding Circle Partners, LP               Greater Houston Manufacturers Assoc.
Richard Shawn Gross                      747 Front Street, Floor 4                 1305 W. 11th Street, #222
1075 Peachtree St, Suite 3500 NE         San Francisco, CA 94111-1922              Houston, TX 77008-6501
Atlanta, GA 30309-3900


Hansen Manufacturing, Inc.               Harris County et al.                      Innovative IDM
4807 Ramus Street                        c/o Tara L. Grundemeier                   1625 Wallace Drive, Suite 110
Houston, TX 77092-8037                   Linebarger Goggan Blair & Sampson LLP     Carrollton, TX 75006-6654
                                         P.O. Box 3064
                                         Houston, Tx 77253-3064
```

| | | |
|---|---|---|
| Internal Revenue Service<br>PO Box 7317<br>Philadelphia, PA 19101-7317 | J.E.F. Fabrication, Inc.<br>25803 Oak Ridge Drive<br>Spring, TX 77380-2015 | Jamesco Electronics<br>1355 Shoreway Road<br>Belmont, CA 94002-4100 |
| Jerry Cummings Jar Consulting<br>22619 Rockgate Drive<br>Spring, TX 77373-7123 | John Mayer, Attorney<br>Ross, Banks, May, Cron & Cavin, P.C.<br>7700 San Felipe, Suite 550<br>Houston, TX 77063-1618 | Larry A. Vick<br>10497 Town & Country Way, Suite 700<br>Houston, TX 77024-1135 |
| Laser Imaging<br>P O Box 690229<br>Houston, TX 77269-0229 | Lemon Cleaning Company<br>11811 N. Freeway, Suite 500<br>Houston, TX 77060-3287 | Libra Industries<br>Libra Dallas Plant<br>P O Box 932495<br>Cleveland, OH 44193-0013 |
| Magnetek, Inc.<br>P O Box 8497<br>Carol Stream, IL 60197-8497 | Makay Consulting Services<br>218 W Stedhill Loop<br>Conroe, TX 77384-5076 | McMaster-Carr<br>P O Box 740100<br>Atlanta, GA 30374-0100 |
| Mercury Well Control<br>3902 Braxton Drive<br>Houston, TX 77063-6304 | Montgomery County<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Montgomery County Tax Assessor/Collector<br>c/o Tara L. Grundemeier<br>P. O. Box 3064<br>Houston, TX 77253-3064 |
| Motion Industries<br>P O Box 849737<br>Dallas, TX 75284-9737 | Motion Industries, Inc.<br>P. O. Box 1477<br>Birmingham, AL 35201-1477 | Muse Metal Laboratories, Inc.<br>1110 S. Virginia Street<br>Terrell, TX 75160 |
| Niltronix Circuits<br>1765 Upland Drive<br>Houston, TX 77043-3506 | Office Team<br>P O Box 743295<br>Los Angeles, CA 90074-3295 | Officeteam<br>Robert Half<br>Attn: Karen Lima<br>PO Box 5024<br>San Ramon, CA 94583-5024 |
| PPSI<br>10905 Brooklet Drive<br>Houston, TX 77099-3503 | Pendleton Capital Goup, Inc.<br>820 Gessner Road, Suite 250<br>Houston, TX 77024-4293 | Pendleton Capital Group, Inc.<br>820 Gessner Rd., Suite 220<br>Houston, TX 77024-4473 |
| Pillarstone Capital Reit Operating<br>Partnership<br>Dept #234<br>P O Box 4869<br>Houston, TX 77210-4869 | Principal Life Insurance<br>PLIC - SBD Grand Island<br>P O Box 10372<br>Des Moines, IA 50306-0372 | Ramtec Training Services, LLC<br>P O Box 940637<br>Houston, TX 77094-7637 |
| ReadyRefresh by Nestle<br>P O Box 856680<br>Louisville, KY 40285-6680 | Robert Half International Inc.<br>c/o Marc L. Ellison, Attorney<br>Totz Ellison & Totz, P.C.<br>2211 Norfolk, Suite 510<br>Houston, TX 77098-4048 | Ruth Smith<br>59 Creek Forest Lane<br>Conroe, TX 77384-3111 |

| | | |
|---|---|---|
| Semmier Marketing<br>17718 Dappled Walk Way<br>Cypress, TX 77429-6466 | Sitex Environmental, Inc.<br>1525 S. Broadway<br>St. Louis, MO 63104-3810 | Stuart Williams<br>3902 Braxton Drive<br>Houston, TX 77063-6304 |
| Suntronic Inc.<br>10501 Kipp Way Drive, Suite 350<br>Houston, TX 77099-2761 | Syncfusion<br>2501 Aerial Center Parkway, #200<br>Morrisville, NC 27560-7685 | Texas Workforce Commission<br>Tax Department<br>19221 I-45 S., Suite 250<br>Shenandoah, TX 77385-8729 |
| Timco Machine Company Inc.<br>2503 1/2 Brammel Timbers Lane<br>Houston, TX 77068-3307 | U. S. Trustee<br>515 Rusk, Suite 3615<br>Houston, TX 77002-2604 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| Uni-Fab<br>P O Box 1427<br>Willis, TX 77378-1427 | Variosystems, Inc. USA<br>901 S. Kimball Avenue<br>Southlake, TX 76092-9006 | Verizon<br>P O Box 660108<br>Dallas, TX 75266-0108 |
| Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 | Visa Cardmember Services<br>P O Box 790408<br>St. Louis, MO 63179-0408 | WCS Quality Registrars, LLC<br>P O Box 940637<br>Houston, TX 77094-7637 |
| Wavedge<br>Rick Thompson<br>6505 West Park Blvd.<br>Plano, TX 75093-6208 | Larry A. Vick<br>Attorney at Law<br>10497 Town & Country Way, Suite 700<br>Houston, TX 77024-1135 | Rodney D Tow<br>Rodney Tow, PLLC<br>1122 Highborne Cay Court<br>Texas City, TX 77590-1403 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Dell Business Credit
P O Box 5275
Carol Stream, IL 60197


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Montgomery County Alarm Detail          End of Label Matrix
                                           Mailable recipients     77
                                           Bypassed recipients      1
                                           Total                   78